IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEATRICE WAGGAMAN, Ph.D.,
                Plaintiff,

v.

VILLANOVA UNIVERSITY IN THE
STATE OF PENNSYLVANIA,
                Defendant.

Civil Action No. 04-4447

**MEMORANDUM/ORDER**

Plaintiff, Beatrice Waggaman, has filed objections (Docket # 61) to Magistrate Judge Angell's February 16, 2007 order (Docket # 60), in which Judge Angell granted defendant's motion to compel a psychiatric evaluation of plaintiff. Because I find Judge Angell's order neither clearly erroneous nor contrary to law, I will overrule plaintiff's objections and confirm the order.

I consider plaintiff's objections under Federal Rule of Civil Procedure 72(a), which states:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections

1

to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

As my late, and revered, colleague, Judge James McGirr Kelly, observed in *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996): "The Court may overrule a decision of the Magistrate Judge involving a nondispositive discovery dispute only if the decision is clearly erroneous or contrary to law, or if the Magistrate Judge abused [her] discretion." Having reviewed Judge Angell's February 16, 2007 order, as well as the applicable law, I cannot find that Judge Angell's ruling was clearly erroneous or contrary to law, or that the ruling was an abuse of discretion.

Rule 35(a) authorizes the court to order a mental examination when it is satisfied that the moving party has demonstrated that a party's mental state is "in controversy" and there is "good cause" for the examination. Fed. R. Civ. P. 35(a); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). In my July 14, 2006 ruling, I held that Ms. Waggaman had put her mental state at issue in the litigation, so the "in controversy" criterion has been satisfied. *See* Memorandum/Order of July 14, 2006 (Docket # 41). Upon consideration of the party's submissions—including defendant's initial memorandum, plaintiff's opposition, defendant's reply, and plaintiff's surreply—Judge Angell held that defendant had made the requisite showing of good cause. Having reviewed the parties's submissions, I agree. "Good cause requires a showing that the examination could adduce

2

specific facts relevant to the cause of action and is necessary to the defendant's case." *Womack v. Stevens Transp., Inc.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001).  Defendant presented ample evidence to support a showing of good cause, including the fact that Villanova has no alternative discovery procedure available to ascertain plaintiff's emotional state.  Based on this, it is apparent that Judge Angell's ruling was neither clearly erroneous nor contrary to law, nor an abuse of discretion.

   AND NOW, this 21st day of May 2007, upon consideration of plaintiff's objections to Judge Angell's February 16, 2007 order, defendant's opposition thereto, plaintiff's reply, and defendant's surreply thereto, it is hereby ORDERED that plaintiff's objections are OVERRULED.  It is further ORDERED that Judge Angell's order is CONFIRMED.

              BY THE COURT:


              /s/ Louis H. Pollak
              Pollak, J.