IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEATRICE WAGGAMAN, Ph.D.,
                Plaintiff,

v.

VILLANOVA UNIVERSITY IN THE
STATE OF PENNSYLVANIA,
                Defendant.

Civil Action No. 04-4447

**MEMORANDUM/ORDER**

Plaintiff, Beatrice Waggaman, has filed objections (Docket # 46) to Magistrate Judge Angell's August 10, 2006 order (Docket # 43), in which Judge Angell limited, *inter alia*, defendant's production of promotion applications from assistant to associate professors to the year 2002–03. Plaintiff sought, and continues to seek, promotion dossiers from 1999 to the present, claiming that they are necessary as comparator evidence. *See* Pl.'s Mem. at 3 (Docket # 46). Because I find Judge Angell's order neither clearly erroneous nor contrary to law, I will overrule plaintiff's objections and confirm the order.

I consider plaintiff's objections under Federal Rule of Civil Procedure 72(a), which states:

1

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

In *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996), our late colleague, Judge James McGirr Kelly, ruled: "The Court may overrule a decision of the Magistrate Judge involving a nondispositive discovery dispute only if the decision is clearly erroneous or contrary to law, or if the Magistrate Judge abused [her] discretion." Having reviewed Judge Angell's August 10, 2006 order, as well as the applicable law, I cannot find that Judge Angell's ruling was clearly erroneous or contrary to law, or that it was an abuse of discretion.

Rule 26(b)(2)(C)(iii) vests the court with discretion to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Courts routinely limit the scope of discovery of personnel files. *See, e.g.*, *Northern v. City of Philadelphia*, 2000 WL 355526, at *3 (E.D. Pa. 2000) ("Although personnel files are discoverable, they contain confidential information and discovery of them should be limited."); *Orbovich v. Macalester Coll.*,

119 F.R.D. 411, 415 (D. Minn. 1988).  There is nothing to suggest that Judge Angell applied Rule 26 in a manner that was clearly erroneous or contrary to law.  Accordingly, I reiterate my previous impression of Judge Angell's handling of this case: "I have found no error in Judge Angell's handling of discovery issues to this point, and I discern no reason not to leave this matter to her discretion." Memorandum/Order of July 18, 2006 (Docket # 41).

    AND NOW, this 21st day of May 2007, upon consideration of plaintiff's objections to Judge Angell's August 10, 2006 order, defendant's opposition thereof, plaintiff's reply, and defendant's surreply thereto, it is hereby ORDERED that plaintiff's objections are OVERRULED.  It is further ORDERED that Judge Angell's order is CONFIRMED.

                                  BY THE COURT:


                                  /s/ Louis H. Pollak
                                  Pollak, J.