IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEATRICE WAGGAMAN, Ph.D., <br><br> Plaintiff, <br><br> v. <br><br> VILLANOVA UNIVERSITY, <br> Defendant. | Civ. No. 04-4447 |

**MEMORANDUM ORDER**

In her response to defendant's motion for summary judgment (Docket No. 95), plaintiff argued that her ability to oppose defendant's motion was hampered by the court's decision to overrule her objections to Magistrate Judge M. Faith Angell's decision not to allow discovery into promotion decisions made in academic years other than 2002-03. The court will construe plaintiff's response as a motion to reconsider its prior ruling on her objections.

Under Federal Rule of Civil Procedure 72(a), a district judge may only overrule a magistrate judge on a non-dispositive discovery dispute if the decision is "clearly erroneous or contrary to law."

Plaintiff claims that Judge Angell's decision to limit discovery was mistaken because evidence related to similarly situated candidates' promotion decisions are

-1-

relevant to her retaliation claim.  Plaintiff further argues there is no overriding reason to deny her access to such evidence.  Defendant responds that candidates for promotion in years other than academic year 2002-03 are not similarly situated because of the frequency with which memberships in the various committees rotated.  Defendant further argues that under Rule 26(b)(2)(C)(iii), which permits the court to limit discovery on the ground that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues," the balance tips in favor of not producing additional materials because of the burden to defendant and the sensitivity of personnel information.

    This court overruled plaintiff's objection primarily on the ground that the sensitivity of personnel information tipped the balance against producing dossiers and committee reports from years other than the one in which Waggaman was allegedly retaliated against.  On further reflection, and, having read the materials produced for academic year 2002-03, it appears that the only sensitive information in the files at issue are outside reviews and the comments of the various decision makers.  While the court understands that defendant prefers to keep this information confidential, the court believes that sufficient confidentiality can be maintained by sealing those records, and by the parties and the court scrupulously using acronyms or aliases in their public filings (as they have done thus far).

In addition, it appears that defendant's claim regarding committee turnover may be overblown. Looking at the materials provided with defendant's motion for summary judgment, the court observes that, according to the college committee rosters for 1997, 2001, and 2003, the membership of that committee was relatively stable, with five members, including the chair, appearing on all three rosters. This suggests to the court that the committee, over the five-year period from academic year 1997-98 to 2002-03, experienced only small changes in membership. In addition, it appears that Dean Ellis, Vice President Johannes, and President Dobbin, all held their respective positions over at least a period extending a few years before and after plaintiff was denied promotion in 2002-03. Whether there was turnover in the university committee is not clear, but the court is convinced that the similarities identified render candidates over this period at least arguably similarly situated.

Mindful that ours is a liberal discovery regime in which parties are generally entitled to relevant evidence, the court is convinced that its previous ruling was in error, and that there are no compelling reasons for preventing plaintiff from accessing a few years' worth of promotion applications so that she can more fairly assess whether she was treated differently from her colleagues. Therefore, the court will grant plaintiff's motion to reconsider its order of May 17, 2007, and will sustain plaintiff's objections to Judge Angell's order of August 10, 2006. The court will deny, without prejudice, defendant's motion for summary judgment.

Defendant shall produce to plaintiff the dossier materials and all materials reflecting the views and decisions of the various decision makers for candidates for promotion from assistant to associate professor filed in academic years 1998-99 through 2004-05. This follows the accepted approach of limiting the time period to a few years before and a few years after the allegedly retaliatory decision. *See Nayar v. Howard Univ.*, 881 F. Supp. 15, 20 (D.D.C. 1995).  The court will allow plaintiff to reopen any prior depositions on the basis of this new material, but each deposition supplement shall be confined to no more than two hours of questioning per side, and the scope of questioning may not exceed the new materials provided.  Plaintiff is encouraged to reopen depositions only if reasonably necessary.  If plaintiff wishes to depose a new witness, she must first move for court permission and provide a detailed explanation of how the new materials make an additional deposition necessary.

Defendant shall have until June 16, 2008, to provide these new materials; following that, plaintiff shall have until June 30, 2008, to complete any new depositions. The court is aware of how long this suit has been pending, and it strongly encourages the parties to expedite this schedule as much as reasonably possible.  Defendant shall file any renewed dispositive motions by July 14, 2008.  Plaintiff shall respond by July 28, 2008.

\* \* \* \* \*

AND NOW, this 2d day of June, 2008, for the foregoing reasons, it is ORDERED that:

1. Plaintiff's motion for reconsideration (Docket No. 95) of this court's order of May 21, 2007, is GRANTED;

2. Plaitniff's objections (Docket No. 46) to Judge Angell's ruling of August 10, 2006, are SUSTAINED;

3. Defendant's motion for summary judgment (Docket No. 87) is DENIED without prejudice;

4. Defendant shall produce to plaintiff the dossier materials and all materials reflecting the views and decisions of the various decision makers for candidates, from the college of arts and sciences, for promotion from assistant to associate professor filed in academic years 1998-99 through 2004-05. These materials shall be produced by June 16, 2008;

5. Plaintiff shall complete any necessary re-opened depositions in accordance with the foregoing memorandum by June 30, 2008;

6. Defendant shall file any new or renewed dispositive motions by July 14, 2008;

7. Plaintiff shall file any response to defendant's dispositive motions by July 28, 2008.

BY THE COURT:

/s/ Louis H. Pollak

_____
Pollak, J.